UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> BROWN UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, <br><br> Defendant. | Case No.: |

## COMPLAINT

The Plaintiff, John Smith,[1] alleges as follows:

### PARTIES

1. The Plaintiff, John Smith ("Mr. Smith"), is a domiciliary of the State of Maine.

2. The Defendant, Brown University in Providence in the State of Rhode Island and Providence Plantations ("Brown" or "the University"), is a Rhode Island non-profit corporation with a principal place of operation located in Providence, Rhode Island.

### JURISDICTION & VENUE

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states.

4. This Court has personal jurisdiction over Brown because it is incorporated in the State of Rhode Island.

---

[1] John Smith is a pseudonym. Plaintiff will file a motion to proceed under a pseudonym upon receipt of the case number.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. In the spring of 2012, Brown offered Mr. Smith admission through early decision to the Class of 2016 based on, among other things, his outstanding academic record and SAT scores.

7. To date, Mr. Smith has paid Brown $232,647 in tuition and other related expenses.

8. On April 29, 2015, in the spring of Mr. Smith's junior year, the Office of Student Life charged him with three offenses pursuant to the attached 2014-2015 Code of Student Conduct ("Code"). See Exhibit 1.

9. The charges stemmed from a sexual encounter that occurred on campus on November 14, 2014, some of which was consensual and some of which was alleged to be nonconsensual.

10. Following a Student Conduct Board hearing during the spring of 2015, Mr. Smith was found responsible for two offenses under the Code: Offense IIIa – Sexual Misconduct that involves non-consensual physical contact of a sexual nature, and Offense IIIb – Sexual Misconduct that includes one or more of the following: penetration, violent physical force, or injury.

11. Upon the finding of a violation, the Code provides for the imposition of "sanctions" and "accompanying terms."

12. Among the possible "sanctions" are reprimand, probation, suspension, and expulsion.

13. Among the possible "accompanying terms" are parental notification, housing relocation, counseling, and transcript remarks.

14. The Student Conduct Board recommended that Mr. Smith receive a one-year disciplinary suspension, one year of probation upon return, counseling, and no contact with the complainant.

15. The Student Conduct Board did not impose a transcript remark as an accompanying term to Mr. Smith's sanction.

16. The Vice President of Campus Life and Student Services ("Vice President") unilaterally increased Mr. Smith's suspension to two years in light of "new guidelines for sanctioning that the University adopted in January 2015," but also did not impose a transcript remark as an accompanying term.

17. The Brown registrar, nonetheless, unilaterally included the following remark on Mr. Smith's transcript: "Summer 2015: Suspended for Disciplinary Reasons."

18. Mr. Smith has requested that Brown remove the transcript remark, but Brown has refused.

19. Brown has denied that the remark on his transcript is a "transcript remark."

20. The Code defines a "transcript remark" as "a notation on the student's official University transcript."

21. In defending its registrar, Brown asserts that a remark on a transcript constitutes a "transcript remark" only if the Office of Student Life directed its inclusion.

22. Brown has asserted that the registrar's action is consistent with university policy.

23. The portion of the Code entitled "Transcript remark" cited by Brown contains internal inconsistencies as to whether a remark "may accompany" or definitely "will appear" on a transcript:

> Transcript remark. A transcript remark is a notation on a student's official University transcript. *A transcript remark may accompany a deferred suspension, suspension or expulsion.* Following a deferred suspension, a student may petition to have a transcript remark removed after one full semester. Undergraduate

students must petition the Senior Associate Dean for Student Life; graduate students must petition the Dean of the Graduate School; medical students must petition the Dean of Medicine and Biological Sciences. *For suspensions and expulsions a permanent entry will appear on a student's transcript.* (Emphasis added).

24. The portion of the Code entitled "Suspension" states only that, "A suspension may be accompanied by a transcript remark."

25. The portion of the Code entitled "Accompanying Terms for Sanctions" states who may impose "accompanying terms" and identifies the "hearing officer or body," but not the registrar.

26. The 2014-2015 *Bulletin of the University* clarifies (p. 77), that, "Undergraduates who, in the judgment of the Committee on Academic Standing, have unsatisfactory scholastic records may be placed in . . . Academic Suspension – which include [*sic*] a permanent transcript notation." See Exhibit 2.

27. In refusing to remove the transcript remark, Brown has relied on the registrar's policy ("Registrar's Policy"), which, inter alia, provides:

> The Official Academic Transcript contains all essential academic data, including dates of attendance, courses taken and passed, grades (Note: grades of NC never appear on official transcripts), transfer credits awarded, degree received, and relevant remarks. Academic status of Suspension or Dismissal will be noted permanently on a student's transcript. The transcript must bear the college seal, be recently dated, and have the appropriate signature of Robert F. Fitzgerald, University Registrar.

See Exhibit 3 (emphasis added).

28. Mr. Smith's suspension is not an "Academic Suspension" and the registrar's inclusion of a remark on his transcript is not consistent with the Code or Mr. Smith's reasonable expectations.

29. The remark on Mr. Smith's transcript inhibits his educational opportunities, career prospects, and earning potential because it invites inquiry into a salacious matter.

## COUNT I
*Breach of Contract*

30. Mr. Smith re-avers paragraphs 1-29 as if fully set forth in this count.

31. As part of its admissions packet, Brown provided Mr. Smith with copies of its school policies, including the Code and the *Bulletin of the University*. Upon information and belief, the relevant portions of the Code remained unchanged throughout the 2014-2015 academic year, including at the time of Mr. Smith's suspension.

32. As a member of the Brown community, the Code afforded Mr. Smith certain rights that are contractual in nature.

33. Brown violated Mr. Smith's reasonable expectations under the contract by sanctioning him for the November 14, 2014 incident in accordance with guidelines that did not exist at that time, but were subsequently adopted in January of 2015.

34. Brown violated Mr. Smith's reasonable expectation under the Code that his suspension would not be accompanied by a transcript remark.

35. Brown's actions in allowing its registrar to blemish his transcript impair Mr. Smith's ability to pursue further education and employment opportunities.

36. Brown's actions violate the Code, the guarantees of due process and fundamental fairness, and the covenant of good faith and fair dealing.

37. As a direct and foreseeable consequence of this breach, Mr. Smith has sustained damages, lost an additional year as a result of the Vice President's unilateral increase in his suspension, and continues to suffer an accruing loss in the form of inhibited education and job prospects due to his tarnished transcript.

## COUNT II
*Injunctive Relief*

38. Mr. Smith re-avers paragraphs 1-37 as if fully set forth in this count.

39. Brown's decision to include a transcript remark on Mr. Smith's transcript is in violation of his procedural and substantive contractual rights and reasonable expectations.

40. As a direct and proximate result of the foregoing breach, Mr. Smith faces irreparable harm to his educational and professional career goals, as well as emotional and reputational harm for which no adequate legal remedy exists.

WHEREFORE, the Plaintiff, John Smith, requests that the Court restrain and enjoin the Defendant, Brown University, from publishing his Official Academic Transcript with a transcript remark regarding his suspension, and that the Court award the Plaintiff damages for breach of contract in an amount exceeding $75,000, to be proven at trial.

Dated: March 16, 2018               The Plaintiff, John Smith,
                                    By his Attorney,

                                    /s/ J. Richard Ratcliffe
                                    J. Richard Ratcliffe, #2603
                                    Ratcliffe Harten Galamaga LLP
                                    40 Westminster Street, Suite 700
                                    Providence, RI 02903
                                    Tel: (401) 331-3400
                                    Fax: (401) 331-3440
                                    rratcliffe@rhgllp.com